UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIE WINFIELD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 10-10134-JLT |
| | * |
| JOSEPH J. FLORENT, et al., | * |
| | * |
| Defendants. | * |
| | * |

ORDER

January 3, 2011

TAURO, J.

After reviewing Parties' submissions, this court hereby orders that:

1. Defendants Watson and Comfort Suites Hotel's <u>Motion for Entry of Separate and Final Judgment</u> [#19] is ALLOWED. No additional claims exist against Defendant Watson nor Defendant Comfort Suites Hotel.

2. Defendants Shinners and Pearl's <u>Motion for Summary Judgment</u> [#21] is ALLOWED. Plaintiff was convicted of being a disorderly person[1] and thus has no claim against Defendants for false arrest.[2]

---

[1] <u>See</u> Defs.' Michael Shinners & Jason Pearl's Mem. Law Supp. Their Mot. Summ. J., Ex. A [#22].

[2] <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486–87 (1994) ("[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

1

3. This case is CLOSED.

IT IS SO ORDERED.

                                                   /s/ Joseph L. Tauro
                                                   United States District Judge

---

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." (internal citations omitted)).